NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2005-5174

ANDREW M. D'AVANZO,

Plaintiff-Appellant,

and

LINDA J. D'AVANZO,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Andrew M. D'Avanzo, et al, of  Wellesley, Massachusetts, pro se.

Patricia M. Bowman, Attorney, Tax Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With her on the brief were Eileen J. O'Connor, Assistant Attorney General; and Michael J. Haungs, Attorney.   Of counsel was Samuel A. Lambert, Attorney.

Appealed from:  United States Court of Federal Claims

Judge George W. Miller

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2005-5174

ANDREW M. D'AVANZO,

Plaintiff-Appellant,

and

LINDA J. D'AVANZO,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: February 6, 2007

_____

Before MAYER, SCHALL and BRYSON, Circuit Judges.

PER CURIAM.

Andrew M. D'Avanzo ("D'Avanzo") and his wife Linda J. D'Avanzo appeal the final judgment of the United States Court of Federal Claims, which dismissed two tax refund claims for lack of jurisdiction and denied their remaining tax refund claim in part. D'Avanzo v. United States, 67 Fed. Cl. 39 (2005). We affirm.

D'Avanzo does not dispute that he failed to present claims based on the unclaimed real estate taxes and returned insurance premiums to the IRS. Under I.R.C. § 7422(a), filing an administrative refund claim is a prerequisite for establishing jurisdiction in the Court of Federal Claims. Accordingly, the trial court's dismissal of D'Avanzo's later-filed claims was proper.

With respect to the claim decided on the merits, D'Avanzo failed to maintain adequate contemporaneous records to substantiate the amount of time he devoted to rental property activities in 1994 and, by his admission, his figures are a "post-event 2004 ballpark, best guesstimate" of the hours worked. As such, the trial court correctly determined that he did not qualify as a real estate professional. D'Avanzo's failure to maintain adequate records is not excused by Treas. Reg. § 1.274-5T, allowing for post-hoc reconstruction of lost records. Even if section 1.274-5T applied to D'Avanzo's real estate professional case, his failure to reconstruct the lost records from June 1994 until trial, ten years after the fact, coupled with his failure to maintain contemporaneous records for the second half of 1994, does not satisfy the regulation's "reasonable reconstruction" requirement. Next, Schedule A provides that a taxpayer may not deduct expenses under it that are deductible under Schedule E. See 1994 Form 1040 and Instructions. Based on the instructions to Schedule E, Part 1, the trial court properly found that the rental property expenses in question (e.g., advertising, travel, supplies, utilities) were deductible under Schedule E. Finally, because D'Avanzo concedes that he does not have records to substantiate the $2,400 he donated to his church, the trial court properly found that he was not entitled to deduct that amount.