T.C. Memo. 2010-232

UNITED STATES TAX COURT

ALMA PEREZ, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5736-09.                    Filed October 25, 2010.

Cindy L. Ho, for petitioner.

Christian A. Speck, for respondent.

MEMORANDUM OPINION

HAINES, Judge:  Respondent determined a deficiency and a penalty under section 6662(a)[1] with respect to petitioner's 2005

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

Federal income tax.  After concessions[2] the sole issue presented to the Court is whether petitioner may deduct losses from her rental real estate activity under the passive activity loss rules of section 469.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time she filed her petition, petitioner lived in California.

Petitioner timely filed her 2005 individual Federal income tax return.  On February 5, 2009, respondent mailed a notice of deficiency to petitioner for her 2005 Federal income tax.  Petitioner timely filed her petition on March 10, 2009.

Petitioner was self-employed in 2005 as a real estate loan agent and broker and reported her income and loss from her real estate business on her 2005 Schedule C, Profit or Loss From Business.  Additionally, petitioner reported income and expenses from three residential rental properties on Schedule E,

---

[2]Before trial the parties settled the following issues: (1) Petitioner is not entitled to deduct $65,024 of "Other expenses" listed on Schedule C; (2) petitioner is not entitled to deduct $163,432 of "Commissions and fees" listed on Schedule C; (3) petitioner understated gross income by $518,066 on Schedule C; (4) petitioner is liable for the accuracy-related penalty under sec. 6662, computed on the deficiency determined by the Court; and (5) adjustments to petitioner's Schedule A, Itemized Deductions, self-employment tax, deduction for half of the self-employment tax, and deductions for personal exemptions will result from changes to petitioner's income and are computational.

Supplemental Income and Loss, and petitioner deducted losses from those rental properties of $45,199.

The parties agree that during 2005 petitioner was a real estate professional pursuant to section 469(c)(7)(B). The parties further agree that petitioner did not meet the "material participation" tests described in section 1.469-5T, Temporary Income Tax Regs., 53 Fed. Reg. 5725 (Feb. 25, 1988), with respect to her rental real estate activities.

## Discussion

The Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the Commissioner's determinations are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Taxpayers are allowed deductions for certain business and investment expenses under sections 162 and 212; however, section 469 generally disallows any passive activity loss for the tax year. A passive activity loss is defined as the excess of the aggregate losses from all passive activities for that year over the aggregate income from all passive activities for the year. Sec. 469(d)(1). A passive activity is any trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1).

Rental activity is generally treated as a per se passive activity regardless of whether the taxpayer materially

participates.  Sec. 469(c)(2).  The rental activities of a taxpayer who is a real estate professional pursuant to section 469(c)(7)(B), however, are not treated as per se passive activities.  Sec. 469(c)(7)(A)(i).

Petitioner argues that because she is a qualifying real estate professional pursuant to section 469(c)(7)(B), all her real estate activities, including rental activities, are not passive and therefore she is not subject to the passive activity loss limitations.  Respondent contends that petitioner ignores the plain language of section 1.469-9(e)(1), Income Tax Regs., which provides that "a rental real estate activity of a qualifying taxpayer is a passive activity under section 469 for the taxable year unless the taxpayer materially participates in the activity".  A "qualifying taxpayer" is a taxpayer that owns at least one interest in rental real estate and meets the requirements of section 469(c)(7)(B).  Sec. 1.469-9(b)(6), (c)(1), Income Tax Regs.  Accordingly, respondent argues that although petitioner's status as a real estate professional pursuant to the requirements of section 469(c)(7)(B) removes her from the per se passive activity rule with respect to rental real estate activity, petitioner remains subject to and must satisfy the material participation tests of section 1.469-5T, Temporary Income Tax Regs., supra, to claim losses from her rental real estate activity.

Petitioner argues that caselaw does not support respondent's application of section 1.469-9(e), Income Tax Regs. Relying on Pungot v. Commissioner, T.C. Memo. 2000-60, petitioner contends that a distinction must be drawn between taxpayers qualifying as real estate professionals pursuant to section 469(c)(7)(B) as a result of their jobs and those qualifying solely by virtue of their ownership in rental real estate. Because petitioner qualifies as a real estate professional irrespective of her rental real estate properties, she contends that section 1.469-9(e), Income Tax Regs., is not applicable to her. Petitioner further argues that caselaw has not addressed her particular circumstances and that the absence of a case directly addressing her situation supports her position.

Petitioner's reliance on Pungot is misplaced. In Pungot, the taxpayer argued that section 469(c)(7)(B) is unconstitutional under the Equal Protection Clause because it treats individuals who perform work in a real estate trade or business as different from those performing real estate services as an employee. In finding section 469(c)(7)(B) to be rationally related to a legitimate Government interest, the Court held that in enacting section 469(c)(7)(B) Congress intended to distinguish employees in rental real estate activity from individuals with equity interests in such activity. Id. The Court did not discuss whether the material participation requirement applies to a

taxpayer qualifying as a real estate professional pursuant to section 469(c)(7)(B), nor did it distinguish a taxpayer qualifying as a real estate professional by virtue of the taxpayer's job from one qualifying solely by virtue of property ownership. As the Court did not contemplate the issue before us, Pungot is irrelevant to this discussion.

Further, even if we were to accept that, as petitioner contends, section 469(c)(7)(B) exempts real estate professionals who own real estate and manage it as part of their profession from the material participation requirement of section 469(c)(1), those are not the facts of this case. Petitioner's activity as a real estate loan agent and broker is separate from her activity as the owner of three residential real estate properties. Section 1.469-9(e)(3)(i), Income Tax Regs., provides that a taxpayer may not group a rental real estate activity with any other activity of the taxpayer. Petitioner does not own or manage the three residential real estate properties as part of her profession as a real estate loan agent and broker but rather owns those properties independent of her profession. Accordingly, even under petitioner's interpretation of Pungot, her rental real estate activity remains subject to the material participation requirement of section 469(c)(1).

Caselaw clearly requires that a taxpayer claiming deductions for rental real estate losses meet the "material participation" requirements of section 1.469-5T, Temporary Income Tax Regs., supra, even where the Commissioner has conceded that the taxpayer is a real estate professional pursuant to section 469(c)(7)(B). See Shiekh v. Commissioner, T.C. Memo. 2010-126; Kosonen v. Commissioner, T.C. Memo. 2000-107. In Shiekh, the taxpayer owned several real estate rental properties, including a 13-unit apartment building that he managed. As a result of this management activity the parties agreed that the taxpayer qualified as a real estate professional pursuant to section 469(c)(7)(B). The taxpayer owned other real estate rental properties as well; however, the taxpayer did not regularly participate in the management of those properties. Because the taxpayer's activity with respect to his other properties failed to meet the material participation requirement, the Commissioner disallowed his claimed losses with respect to those properties.

Citing section 1.469-9(e)(1), Income Tax Regs., Shiekh held that "rental activities of a taxpayer who is a real estate professional are not per se passive activities under section 469(c)(2) but are treated as a trade or business subject to the material participation requirements of section 469(c)(1)". Id. (emphasis added); see also Shaw v. Commissioner, T.C. Memo. 2002-35; Bailey v. Commissioner, T.C. Memo. 2001-296; D'Avanzo v.

<u>United States</u>, 67 Fed. Cl. 39, 41 (2005), affd. 215 Fed. Appx. 996 (Fed. Cir. 2007). Accordingly, caselaw has consistently held that while section 469(c)(7)(B) exempts a qualifying real estate professional from the per se passive rental activity loss rules of section 469(c)(2), it does not remove the taxpayer from the material participation requirement of section 469(c)(1).

Petitioner has failed to provide authority to support her argument that her rental real estate activity is exempt from the material participation requirement of section 469(c)(1) on the grounds that she qualifies as a real estate professional as a result of her job rather than her rental real estate activity. Petitioner merely argues that the absence of a case directly on point confirms her position. While caselaw has not addressed this particular set of facts, it has consistently held in similar contexts that a qualified real estate professional pursuant to section 469(c)(7)(B) remains subject to the material participation requirement of section 469(c)(1). Accordingly, we sustain respondent's determination with regard to the passive activity losses.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.