**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHARLES GRAGG; DELORES
GRAGG,

       *Plaintiffs-Appellants,*

       v.

UNITED STATES OF AMERICA;
INTERNAL REVENUE SERVICE
COMMISSIONER,

       *Defendants-Appellees.*

No. 14-16053

D.C. No.
4:12-cv-03813-YGR

OPINION

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted May 10, 2016[*]
San Francisco, California

Filed August 4, 2016

Before: Jerome Farris, Diarmuid F. O'Scannlain,
and Morgan Christen, Circuit Judges.

Opinion by Judge Christen

---

   [*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

# SUMMARY[**]

## Tax

The panel held that Internal Revenue Code § 469 allows real estate professionals to deduct rental losses from their taxable income, but only if they materially participate in rental activities.

Under IRC § 469(c)(1), the general rule is that any activity in which a taxpayer does not materially participate is passive. Under § 469(c)(2), rental activity is per se passive, regardless of whether the taxpayer materially participates. Under § 469(c)(7), the per se bar does not apply to real estate professionals.

Taxpayers sought to deduct losses from rental properties they owned, contending that Delores Gragg's status as a real estate professional rendered the real estate losses per se nonpassive and deductible under IRC § 469, regardless of material participation. The panel explained that the statutory text, regulations, and relevant case law all point in one direction: although taxpayers who qualify as real estate professionals are not subject to § 469(c)(2)'s per se rule that rental losses are passive, they still must show material participation in rental activities before deducting rental losses according to the general rule under § 469(c)(1).

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Robert L. Goldstein, Law Offices of Robert L. Goldstein, San Francisco, California, for Plaintiffs-Appellants.

Julie Ciamporcero Avetta and Teresa E. McLaughlin, Attorneys; Tamara W. Ashford, Acting Assistant Attorney General; Tax Division, United States Department of Justice, Washington, D.C.; for Defendants-Appellees.

David Radmore, Staff Attorney; Jenny Y. Li, Senior Counsel; June Babiracki Barlow, Vice President and General Counsel; Los Angeles, California; as and for Amicus Curiae California Association of Realtors.

## OPINION

CHRISTEN, Circuit Judge:

In the 1980s and 1990s, Congress substantially amended the Internal Revenue Code (I.R.C.) to curb widespread abuses of tax loopholes. One newly added provision, I.R.C. § 469, restricted taxpayers' ability to reduce their taxable income using passive rental losses—that is, losses from rental properties they own but in which they do not materially participate. This case requires us to determine the scope of § 469. Specifically, it requires us to determine whether § 469 entitles real estate professionals like petitioner Delores Gragg to deduct rental losses without showing material participation in the rental property. We hold that it does not. Section 469 allows real estate professionals to deduct rental losses from their taxable income, but only if they materially participate in rental activities.

## I.

In 1986, Congress passed the Tax Reform Act of 1986 to curb taxpayers' deduction of losses from so-called "passive" investments. Tax Reform Act of 1986, Pub. L. No. 99-514, § 501(a), 100 Stat. 2085, 2233 (codified as amended at I.R.C. § 469). It implemented a simple rule: taxpayers could not reduce the taxable portion of their true income with investment losses unless they materially participated in the investment. *Id.* §§ 501(c), (h) (defining "material participation" as "regular, continuous, and substantial" participation). But investments in rental properties were treated differently. The Tax Reform Act of 1986 rendered losses from rental activity per se passive, and therefore per se nondeductible. *Id.* § 501(c)(2). This per se bar applied to rental property regardless of the extent of a taxpayer's participation. *Id.*

In 1993, Congress decided the Tax Reform Act of 1986 had gone "too far." 139 Cong. Rec. H6134-01, H6157 (daily ed. Aug. 5, 1993). The Committee on the Budget deemed it "unfair that a person who performs personal services in a real estate trade or business in which he materially participates may not offset losses from rental real estate activities against income from nonrental real estate activities." H.R. Rep. No. 103-111, at 613 (1993), *reprinted in* 1993 U.S.C.C.A.N. 378, 844. Congress subsequently enacted § 469(c)(7) to create an exception to the per se bar on deducting rental losses: for taxpayers who qualify as real estate professionals,[1] the per se

---

[1] The statute does not use the term "real estate professionals," but rather refers to "taxpayers in real property business." I.R.C. § 469(c)(7). We use the industry shorthand "real estate professionals" for ease of reference. Both parties agree that Delores qualified as a real estate professional for

rental bar "shall not apply." Omnibus Budget Reconciliation Act of 1993, Pub. L. No. 103-66, § 13143(a), 107 Stat. 312, 440 (codified at I.R.C. § 469).

This case is about the scope of that exception. Delores and Charles Gragg sought to deduct from their taxable income rental losses they incurred in 2006 and 2007. Delores is a licensed real estate agent who worked for a real estate brokerage during both years. On their 2006 joint tax return, the Graggs deducted $38,153 in losses from rental properties they owned. On their 2007 return, they deducted $40,390 in rental losses. The Graggs' joint returns were audited in 2009, and they submitted documents establishing that Delores was a real estate professional under § 469(c)(7). The Internal Revenue Service (IRS) requested "a written log of all . . . rental related activities that w[ould] support the deduction claimed." In response, the Graggs submitted two undated one-page notes estimating the hours Delores spent working on the Graggs' rental properties in 2006.

The IRS disallowed the rental losses because it concluded that the Graggs were required to show they materially participated in the rental properties, and had not done so. The Graggs paid the deficiencies for both years and timely filed administrative refund claims with the IRS for both years. They argued that Delores's status as a real estate professional rendered their rental losses per se nonpassive and "request[ed] that the[] claims be immediately denied so that [the Graggs could] initiate a District Court action." The IRS disallowed the Graggs' claims, and the Graggs timely filed suit for a refund in the district court under I.R.C. § 7422. The Graggs' complaint renewed their argument that by virtue of

the relevant time period.

Delores's status as a real estate professional, their rental losses were automatically nonpassive and they did not need to prove material participation. The government and the Graggs filed cross motions for summary judgment. The district court granted summary judgment in favor of the government, and the Graggs timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

## II.

The issue on appeal is whether I.R.C. § 469(c)(7) automatically renders a real estate professional's rental losses nonpassive and deductible, or whether it merely removes § 469(c)(2)'s per se bar on treating rental losses as passive. The Graggs advocate for the former interpretation, and the government argues for the latter.

The text of the statute favors the government's interpretation. Section 469(c)(1), which was part of the statute as originally enacted in 1986, provides the general rule that any activity in which a taxpayer does not materially participate is passive:

> (c)(1): The term "passive activity" means any activity (A) which involves the conduct of any trade or business, and (B) in which the taxpayer does not materially participate.

The next section, 469(c)(2), is the per se rental bar. This section was also part of the original 1986 legislation. It establishes that rental activity is per se passive, regardless of whether the taxpayer materially participates:

> (c)(2): Passive activity includes any rental activity. Except as provided in paragraph (7), the term "passive activity" includes any rental activity.

Section 469(c)(7), added in the 1993 amendments, provides the exception; if the taxpayer is a real estate professional, the per se bar does not apply:

> (c)(7)(A): If this paragraph applies to any taxpayer for a taxable year . . . paragraph (2) shall not apply to any rental real estate activity of such taxpayer for such taxable year . . . .

The Graggs contend these provisions, taken together, establish that after a taxpayer qualifies as a real estate professional under § 469(c)(7), all rental losses are automatically rendered nonpassive and deductible, regardless of material participation. The text of the statute does not support this interpretation. The effect of the (c)(7) exception is merely that "paragraph (2)"—the per se bar—"shall not apply." If the per se rental bar does not apply, the general (c)(1) rule does, and the activity is passive unless the taxpayer materially participates.

The IRS Treasury Regulations implementing § 469 reinforce this interpretation. Treasury Regulation § 1.469-9(e)(1) states that a taxpayer who qualifies as a real estate professional can treat rental losses as nonpassive, but only so long as she materially participates:

> Section 469(c)(2) [(the per se rental bar)] does not apply to any rental real estate activity of a

taxpayer for a taxable year in which the taxpayer is a qualifying taxpayer under paragraph (c) of this section [i.e., a real estate professional].   Instead, a rental real estate activity of a [real estate professional] *is a passive activity under section 469 for the taxable year unless the taxpayer materially participates in the activity*.

Treas. Reg. § 1.469-9(e)(1) (emphasis added).  A subsequent provision confirms that even taxpayers who establish real estate professional status must separately show material participation in rental activities (as opposed to other real estate activities) before claiming any rental losses as nonpassive:

> [I]f a qualifying taxpayer develops real property, constructs buildings, and owns an interest in rental real estate, the taxpayer's interest in rental real estate may not be grouped with the taxpayer's development activity or construction activity.  *Thus, only the participation of the taxpayer with respect to the rental real estate may be used to determine if the taxpayer materially participates in the rental real estate activity under [the material participation safe harbor provisions in] § 1.469-5T.*

*Id.* § 1.469-9(e)(3)(i) (emphasis added).  These regulations cannot be reconciled with the Graggs' understanding that the (c)(7) exception excuses real estate professionals from the material participation requirement.

Our court has not previously addressed the Graggs' interpretation of § 469, but their argument has been squarely rejected by the Tax Court, and we view Tax Court opinions as persuasive authority. *See Dobson v. C.I.R.*, 320 U.S. 489, 502 (1943) ("The Tax Court is informed by experience and kept current with tax evolution and needs by the volume and variety of its work . . . [and] uniform administration would be promoted by conforming to [its decisions] when possible."). In *Perez v. C.I.R.*, the taxpayer argued, as the Graggs do here, that "because she [was] a qualifying real estate professional pursuant to section 469(c)(7)(B), all her real estate activities, including rental activities, [were] not passive and therefore she [was] not subject to the passive activity loss limitations." 100 T.C.M. (CCH) 351, at *1 (2010). The Tax Court disagreed, ruling that "[c]aselaw clearly requires that a taxpayer claiming deductions for rental real estate losses meet the 'material participation' requirement[]." *Id.* at *2.

The Graggs do not seriously grapple with *Perez*. Instead, they contend that *Agarwal v. C.I.R.*, another Tax Court case, supports their cause. It does not. The issue in *Agarwal* was whether a real estate *agent* could qualify as a real estate professional under § 469(c)(7)(C), notwithstanding the text of the statute, which specified that it applied to *brokerages*. T.C. Summ. Op. 2009-29, 2009 WL 513391 at *3 (U.S. Tax Ct. 2009). The Graggs contend that *Agarwal* permits material participation to be calculated as a function of a taxpayer's combined real estate activities, effectively removing the requirement that the taxpayer independently show material participation with regard to rental activities. The court in *Agarwal* did not specify how it determined material participation, but it recognized that "the determination of whether the qualifying taxpayer materially participated . . . must be met with respect to each rental activity," suggesting

that it would not permit a taxpayer to combine rental and nonrental activities for purposes of calculating material participation. *Id.* at \*4 & n.4. *Agarwal* provides no compelling reason to depart from the Tax Court's decision in *Perez*, nor have we found one.

The Graggs argue on appeal that even if they must show material participation before deducting rental losses, they "could potentially satisfy" this requirement by meeting one or more of the material participation safe harbor provisions in the Treasury Regulations. But the Graggs did not make this argument before the district court. There, they conceded that "Plaintiff Delores Gragg does not contend that she meets the material participation requirements . . . for each rental real estate activity" and focused instead on the argument that "[t]hese tests are irrelevant" to them by virtue of Delores's status as a real estate professional. We decline to address their new argument that limited evidence in the record—two undated notes estimating the total hours spent on rental properties in 2007—satisfies the Graggs' burden of demonstrating material participation in rental activities for 2006 and 2007.[2] In the district court, the Graggs did not attempt to demonstrate material participation in their 2006 and 2007 rental activities, and those losses are therefore nondeductible.

Section 469's text, regulations, and relevant case law all point in one direction: though taxpayers who qualify as real estate professionals are not subject to § 469(c)(2)'s per se rule

---

[2] The Treasury Regulations provide that material participation "may be established by any reasonable means," and "[c]ontemporaneous daily time reports . . . are not required if the extent of such participation may be established by other reasonable means." Treas. Reg § 1.469-5T(f)(4).

that rental losses are passive, they still must show material participation in rental activities before deducting rental losses.   Congress endeavored to narrow the scope of permissible deductions for passive losses in real estate investments, in part by requiring material participation before losses may be deducted.  Real estate professionals were not exempted from this requirement.

**AFFIRMED.**